1

2

3

4

5

6

7

8              UNITED STATES DISTRICT COURT

9          FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11  JAMES CALVIN GAINES,                    No. 2:13-cv-2070 AC P

12              Plaintiff,

13       v.                                 ORDER

14  C/O BENNETT, et al.,

15              Defendants.

16

17         Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983.

18  This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

19         By order filed on October 28, 2013, plaintiff was directed either to file an in forma

20  pauperis affidavit or to pay the required filing fee within thirty days. ECF No. 4. Plaintiff has

21  submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). ECF No. 5.

22  Accordingly, the request to proceed in forma pauperis will be granted.

23         Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§

24  1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in

25  accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct

26  the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and

27  forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments

28  of twenty percent of the preceding month's income credited to plaintiff's prison trust account.

1

1    These payments will be forwarded by the appropriate agency to the Clerk of the Court each time

2    the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. §

3    1915(b)(2).

4         The court is required to screen complaints brought by prisoners seeking relief against a

5    governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

6    court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

7    "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

8    monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

9         A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

10   Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

11   Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

12   indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

13   490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

14   pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

15   Cir. 1989); Franklin, 745 F.2d at 1227.

16        A complaint must contain more than a "formulaic recitation of the elements of a cause of

17   action;" it must contain factual allegations sufficient to "raise a right to relief above the

18   speculative level."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007).  "The pleading must

19   contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a

20   legally cognizable right of action."  Id., quoting 5 C. Wright & A. Miller, Federal Practice and

21   Procedure § 1216, pp. 235-35 (3d ed. 2004).  "[A] complaint must contain sufficient factual

22   matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal,

23   566 U.S. 662, 129 S. Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570).  "A claim has

24   facial plausibility when the plaintiff pleads factual content that allows the court to draw the

25   reasonable inference that the defendant is liable for the misconduct alleged."  Id.

26        In reviewing a complaint under this standard, the court must accept as true the allegations

27   of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740, 96

28   S. Ct. 1848 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve

2

1    all doubts in the plaintiff's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421, 89 S. Ct. 1843

2    (1969).

3         The complaint states a cognizable claim for relief against defendants Bennett and Neiman,

4    Correctional Officers at High Desert State Prison (HDSP), for the alleged failure to protect

5    plaintiff from a July 2010 assault by his cellmate in violation of the Eighth Amendment, pursuant

6    to  42 U.S.C. § 1983 and 28 U.S.C. § 1915A(b).

7         Plaintiff has also alleged that his constitutional rights were violated by Correctional

8    Counselor II D. Clark, an HDSP appeals coordinator, when on March 18, 2011 Clark rejected

9    plaintiff's 602 appeal as duplicative of a previous grievance.  When plaintiff re-filed his appeal on

10   May 23, 2011, it was again rejected as a duplicate.  Complaint at 6.  These allegations fail to state

11   a claim.

12        Prisoners do not have a "separate constitutional entitlement to a specific prison grievance

13   procedure."  Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003 (citing Mann v. Adams, 855

14   F.2d 639, 640 (9th Cir. 1988)).  Even the non-existence of, or the failure of prison officials to

15   properly implement, an administrative appeals process within the prison system does not raise

16   constitutional concerns.  Mann v. Adams, 855 F.2d at 640.  See also, Buckley v. Barlow, 997

17   F.2d 494, 495 (8th Cir. 1993); Flick v. Alba, 932 F.2d 728 (8th Cir. 1991).  Azeez v. DeRobertis,

18   568 F. Supp. 8, 10 (N.D.Ill. 1982) ("[A prison] grievance procedure is a procedural right only, it

19   does not confer any substantive right upon the inmates.  Hence, it does not give rise to a protected

20   liberty interest requiring the procedural protections envisioned by the fourteenth amendment").

21   Specifically, a failure to process a grievance does not state a constitutional violation.  Buckley,

22   supra.  State regulations give rise to a liberty interest protected by the Due Process Clause of the

23   federal constitution only if those regulations pertain to "freedom from restraint" that "imposes

24   atypical and significant hardship on the inmate in relation to the ordinary incidents of prison

25   life."[1]  Sandin v. Conner, 515 U.S. 472, 484, 115 S. Ct. 2293, 2300 (1995).  Plaintiff's claims

26   _____

27   [1] "[W]e recognize that States may under certain circumstances create liberty interests which are
     protected by the Due Process Clause.  See also Board of Pardons v. Allen, 482 U.S. 369 [ ]
     (1987).  But these interests will be generally limited to freedom from restraint which, while not

28   (continued…)

1   against defendant Clark will be dismissed but plaintiff will be granted leave to amend.

2       Plaintiff is not obligated to an amended complaint.  Should he elect to do so, plaintiff must

3   demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's

4   constitutional rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, any amended

5   complaint must allege in specific terms how each named defendant is involved.  There can be no

6   liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a

7   defendant's actions and the claimed deprivation.  Rizzo v. Goode, 423 U.S. 362, 96 S.Ct. 598

8   (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743

9   (9th Cir. 1978).  Furthermore, vague and conclusory allegations of official participation in civil

10  rights violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir.

11  1982).

12      In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to

13  make plaintiff's second amended complaint complete.  Local Rule 220 requires that an amended

14  complaint be complete in itself without reference to any prior pleading.  This is because, as a

15  general rule, an amended complaint supersedes the original complaint.  See Lacey v. Maricopa

16  County, 693 F.3d 896, 927 (9th Cir. 2012) ("the general rule is that an amended complaint

17  super[c]edes the original complaint and renders it without legal effect... .")  Once plaintiff files an

18  amended complaint, the original pleading no longer serves any function in the case.  Therefore, in

19  an amended complaint, as in an original complaint, each claim and the involvement of each

20  defendant must be sufficiently alleged.

21      In accordance with the above, IT IS HEREBY ORDERED that:

22      1. Defendant Clark is dismissed without prejudice to amendment of the claim against

23  him.  Within thirty days of service of this order, plaintiff may amend his complaint to attempt to

24  state cognizable claims against defendant Clark.  Plaintiff is not obliged to amend his complaint.

---

25  exceeding the sentence in such an unexpected manner as to give rise to protection by the Due
26  Process Clause of its own force, see, e.g., Vitek v. Jones, 445 U.S. 480, 493 [ ] (transfer to mental
    hospital), and Washington[ v. Harper], 494 U.S. 210, 221- 222 [] (involuntary administration of
27  psychotropic drugs), nonetheless imposes atypical and significant hardship on the inmate in
    relation to the ordinary incidents of prison life."  Sandin v. Conner, supra.
28

4

1        2. The allegations in the pleading are sufficient to state a cognizable Eighth Amendment

2    failure to protect claim against defendants Bennett and Neiman.  See 28 U.S.C. § 1915A.  With

3    this order the Clerk of the Court shall provide to plaintiff a blank summons, a copy of the

4    pleading filed October 2, 2013, two (2) USM-285 forms and instructions for service of process on

5    the two defendants named immediately above.  Within thirty days of service of this order plaintiff

6    may return the attached Notice of Submission of Documents with the completed summons, the

7    completed USM-285 forms, and three (3) copies of the endorsed complaint filed October 2, 2013.

8    Plaintiff need not attempt service on defendants and need not request waiver of service.  Upon

9    receipt of the above-described documents, the court will direct the United States Marshal to serve

10   the above-named defendants pursuant to Federal Rule of Civil Procedure 4 without payment of

11   costs.  In this event, the court will construe plaintiff's election to proceed forthwith as consent to

12   an order dismissing defendant Clark without prejudice.

13       3. Failure to comply with this order will result in a recommendation that this action be

14   dismissed.

15   DATED: March 7, 2014

16

17   ALLISON CLAIRE
     UNITED STATES MAGISTRATE JUDGE

18

19

20

21

22

23

24

25

26

27

28

1

2

3

4

5

6

7

8                                    UNITED STATES DISTRICT COURT

9                            FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   JAMES CALVIN GAINES,
                                                    No. 2:13-cv-2070 AC P
12                       Plaintiff,

13          v.

14   C/O Bennett, et al.,                           NOTICE OF SUBMISSION OF
                                                    DOCUMENTS
15                       Defendants.

16

17          Plaintiff hereby submits the following documents in compliance with the court's order

18   filed _____ :

19          _1__         completed summons form

20          _2_          completed USM-285 forms

21          _3 _         copies of the _October 2, 2013___
                                        Complaint
22

23          Plaintiff consents to the dismissal of defendant D. Clark without prejudice.

24          OR

25          Plaintiff opts to file an amended complaint and delay service of process.

26   DATED:                           _____
                                              Plaintiff
27

28
                                                   1